## Goshorn *versus* Smith.

1. When in the opinion of the court the uncontradicted evidence does not warrant the jury in inferring negligence by the defendant as the proximate cause of an injury, the court should direct a verdict for him.

2. Where the only fact in dispute is an immaterial one, and would not have warranted an inference of his negligence, whichever way decided, and the remaining evidence is uncontradicted and would not warrant an inference of his negligence, the court should direct a verdict for defendant.

3. Plaintiff was engaged in trying to start a balky horse in a street passenger car. There were two tracks on the street. Defendant was driving on the clear track, and when passing the balky horse the latter suddenly started, and the plaintiff, in stepping back to avoid injury, was struck by defendant's wagon and injured. The only question in dispute was the speed of the wagon. *Held*, that there was no evidence of negligence by defendant, and the case should not have been submitted to the jury. *Held, further*, that the speed of the wagon was not a factor in the case, as the action of plaintiff would have resulted in injury had the wagon been going at less speed.

January 12th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of July Term 1878, No. 26.

Case by John T. Smith against Alfred T. Goshorn, to recover damages for injuries alleged to have been caused by defendant's negligently driving against plaintiff on a public thoroughfare. The defendant, on the 30th of June 1876, was driving, about six o'clock in the afternoon, from his office of director-general of the International Exhibition to his house in West Philadelphia. He was in a one-horse wagon with seats for four people, open in front and on the sides, and had therein two gentlemen and his colored coachman. He was driving on the right-hand track of the railway on Lancaster avenue. On reaching Forty-second street he noticed a block of cars on that track, and turned into the left-hand track. Here were two or three cars blocked by a balky horse in the front car. The balky horse was the off horse, and the plaintiff had hold of the head of the near horse. He was standing at the horse's head, and the space between him and the track on which Mr. Goshorn was driving was between three and four feet. The defendant was driving on a clear track, there being no vehicle ahead of him for a half a square. His rate of speed, according to plaintiff's testimony, was between six and seven, and, according to one witness, possibly eight miles an hour. According to the plaintiff's evidence, it did not exceed four miles per hour. Just as the defendant's carriage got opposite the plaintiff, he jumped backwards to escape from the horses which he was holding, they having started suddenly, or, as his wife testified, he was pushed

[Goshorn *v.* Smith.]

backwards, either against the shaft or against the body of plaintiff's wagon, and was knocked down and injured.

The defendant, inter alia, submitted the following point, the answer to which by the court, Pierce, J., constituted the fourth assignment of error: On the evidence in this case your verdict must be for the defendant. Ans. "Not affirmed; reserving the further question whether on the whole evidence the plaintiff is or is not entitled to recover." The verdict was for $2600. Subsequently, the court directed judgment for the plaintiff on the verdict on his filing a remittitur for all over $700. The remittitur was filed and judgment entered accordingly, when defendant took this writ and, inter alia, assigned for error this entry of judgment and the answer to the foregoing point.

*Lewis Waln Smith,* for the plaintiff in error.—It is always for the court to say whether the facts as proved, are such, that from them the jury have a right to infer negligence. If, believing the plaintiff's witnesses, there was not enough upon which to found a reasonable conclusion, it is not a question of the weight of evidence, but there is no evidence at all: Penna. Railroad Co. *v.* Shay, 1 Norris 198; Cleveland Railroad Co. *v.* Rowan, 16 P. F. Smith 393; Gramlich *v.* Union Railroad Co., 9 Phila. R. 78; Railroad Co. *v.* McElwee, 17 P. F. Smith 311; Gerety *v.* P., W. & B. Railroad Co., 31 Id. 275.

In a case in which a court ought to say there is no evidence sufficient to authorize an inference, then the verdict would be without evidence, not contrary to the weight of it. Wherever this is so they have the right and it is their duty to withhold it from the jury: Howard Express Co. *v.* Wile, 14 P. F. Smith 201; Hoag *v.* Lake Shore Railroad, 4 Norris 293; Philadelphia & Reading Railroad Co. *v.* Heil, 5 W. N. C. 91.

It is contended, however, by the defendant in error, that the question of what is or is not negligence must be submitted to the jury in every case, except where a fact is proved which has been decided to be legal negligence. In other words, the court can never pass upon what is or is not negligence unless a precisely similar case has been already adjudged. This view of the law has, however, been frequently denied by this court, and the reports abound with cases in which the judges at Nisi Prius have granted nonsuits, or directed verdicts for defendants upon a state of facts entirely novel, and which have never been passed upon as negligence in law: Railroad Co. *v.* Fries, 6 Norris 234; Hoag *v.* Railroad Co., *supra;* King *v.* Thompson, 6 W. N. C. 241. The only disputed fact was as to the rate of speed, and that was immaterial: Philadelphia & Reading Railroad Co. *v.* Long, 25 P. F. Smith 263. The defendant had no reason to believe that plaintiff would suddenly change his position, whereby he would put himself in more

[Goshorn v. Smith.]

danger, and was under no obligation to guard against that danger: Penna. Railroad Co. v. Morgan, 1 Norris 141; Philadelphia & Reading Railroad Co. v. Hummell, 8 Wright 379. It was the duty of plaintiff to have looked about him to see if there was danger by persons riding or driving when he was thus engaged in the middle of a highway: Wynn v. Allard, 5 W. & S. 524; Pluckett v. Wilson, 5 Car. & P. 379.

*Henry Hazelhurst* and *Isaac Hazelhurst*, for defendants in error.—The point reserved, was whether the learned judge who heard the case at Nisi Prius, should have entered a nonsuit. The nonsuit was asked for on two grounds: 1. There was no evidence of defendant's negligence. 2. There was evidence of negligence on the part of plaintiff. It is admitted, that a plaintiff cannot recover for an injury to which his own negligence contributed, but with the qualification, that whether a particular act was negligence under all the circumstances, and whether it really did contribute to the injury, is a question for the jury, in all cases where the degree of care required of the plaintiff has not been legally determined: Catawissa Railroad Co. v. Armstrong, 2 P. F. Smith 282; Pennsylvania Railroad Co. v. Ackerman, 24 Id. 265.

The question of speed is always for the jury, under the circumstances of the particular case: D. L. & W. Railroad v. Smith, 28 Leg. Int. 101; Pennsylvania Railroad Co. v. Morgan, 1 Norris 134; Beers v. Housatonic, 19 Conn. 566; Garmon v. Bangor, 38 Me. 443.

So also the necessity for extreme caution in driving through a crowd: Edsall v. Vandemark, 39 Barb. 589. Cases collected Wharton's Neg., 2d ed., sections 313, 389, a, 820, d. So likewise the question, whether defendant being on the wrong side of the way, was not bound to take more than ordinary precaution to avoid collision: Pluckwell v. Wilson, 5 C. & P. 375; Turley v. Thomas, 8 Id. 103; Kennard v. Barton, 25 Me. 39; Brooks v. Hart, 14 N. H. 307; Earing v. Lansingh, 7 Wend. 185. The question of defendant's negligence must be determined from the whole case. The facts, though admitted, are for the jury: Beers v. Railroad, *supra*.

Mr Justice Mercur delivered the opinion of the court, March 8th 1880.

This is an action on the case. It was brought to recover damages for injury sustained by the defendant in error by reason of the alleged negligent conduct of the plaintiff in error. To maintain the action the evidence must show the injury to have resulted from the negligence of the latter, without any negligence of the former contributing thereto: Waters v. Wing, 9 P. F. Smith 211. It is not necessary to defeat a recovery that the complainant should have

[Goshorn *v*. Smith.]

been equally as guilty of negligence as the opposite party. And concurring negligence of the defendant in error in causing the injury is a complete defence: Catawissa Railroad Co. *v*. Armstrong, 13 Wright 186. In case of contributing acts of negligence the law will not determine whose wrong doing mostly caused the injury: Little Schuylkill Navigation Co. *v*. Norton, 12 Harris 465. This rule extends to the case where one is killed and the action is brought by surviving relatives: Gerety *v*. Philadelphia, Wilmington & Baltimore Railroad Co., 31 P. F. Smith 274. Accidents may occur, and injuries may be sustained through negligence, for which the law gives no redress in damages.

Negligence may be said to be the absence of that care which a prudent man would naturally exercise under the circumstances: Catawissa Railroad Co. *v*. Armstrong, *supra*.

Where there is conflicting evidence as to the acts bearing on the question of negligence it is for the jury. So if there be no doubt as to the acts committed, yet if there be substantial doubts as to the inferences to be drawn from those acts they should be submitted to the jury: Pennsylvania Railroad Co. *v*. Barnett, 9 P. F. Smith 259; Johnson *v*. Bruner, 11 Id. 58; McKee *v*. Bidwell, 24 Id. 218. But whether a given state of facts admitted or proved, constitutes negligence is generally a question of law to be declared by the court: Catawissa Railroad Co. *v*. Armstrong, *supra*; Philadelphia, Wilmington & Baltimore Railroad Co. *v*. Stinger, 28 P. F. Smith 219; Gerety *v*. Railroad Co., *supra*.

Where facts have not been shown, from which negligence may reasonably be inferred, they should not be submitted to a jury to infer, arbitrarily and without evidence, that there was negligence: Philadelphia & Reading Railroad Co. *v*. Yerger et al., 23 P. F. Smith 121; Same *v*. Heil, 5 W. N. C. 91; Clark *v*. Philadelphia & Reading Railroad Co., Id. 119; Pennsylvania Railroad Co. *v*. Fries, Id. 545.

This accident occurred in Lancaster avenue, where there are two street railway tracks. There was a block of cars on the right hand track leading toward the centre of the city, occasioned by the off horse in the front car balking. The defendant in error had hold of the head of the near horse for the purpose of starting the horses. The wagon of the plaintiff in error, containing four men, and drawn by one horse, was moving in the same direction on the left hand track. The space between the two tracks was some three or four feet in width. Just as the wagon was passing this car, the horses attached thereto started, and to protect himself against probable injury from the horse which he was holding, the defendant in error stepped back suddenly and was struck by, or came in contact with, the wagon. He testified, "I don't think I jumped back; I stepped back just far enough to get clear of the car. I stepped back one step, I think." He further testified, "the car-

[Goshorn v. Smith.]

riage struck me; both wheels went over me; the shaft struck me first." His wife testified: "As he started the horse jumped towards him and knocked him back." Kimble, another witness called by defendant in error, swore: "Mr. Smith stepped back from the horse's head because the horse came out of his place." Coomy testified "if Smith had not stepped out of the way, the horse would have stepped on him, and the body of the car would have struck him." The other witnesses called by the defendant did not state the facts as fully, but their testimony did not conflict with that which we have quoted. The plaintiff in error testified when " he (Smith) sprang back, he struck the rear of the seat on which the driver was seated." Mr. Asch, a witness of plaintiff in error, testified: " This man jumped back and struck the carriage behind the driver's seat." Thus all the evidence shows the injury was caused by reason of the defendant suddenly stepping or jumping back, whereby he came in collision with the wagon. The only conflict of evidence was as to the speed with which the wagon was moving. The witnesses on the part of the defendant in error thought it was seven or eight miles an hour; those on the part of the plaintiff in error from two to three miles an hour. We, however, are not able to see that the injury resulted from the greatest speed named. If the wagon had been moving at half that rate, and been in the same relative position with the car, the action of the defendant in error would have resulted in his injury. The wagon was moving on the track, where it had a legal right to be. That track was wholly free and unobstructed; the wagon did not leave that track and go nearer to the car, or to the defendant in error. The driver of the wagon had no reason to suppose that any one would suddenly move so near the track occupied by the wagon as to come in contact with it. If those occupying the wagon had no reason to anticipate such action, it is very clear they were not guilty of any negligence in not guarding against it. Conceding that the action of the defendant was excusable to save himself from being injured by the horse attached to the car, so that he may not have been liable to an action in case he had injured the plaintiff in error by this sudden and unexpected movement, yet it by no means follows that he has a right of action for injuries which he thereby sustained. The case rests solely on the alleged negligence of the plaintiff in error. A careful examination of the whole case does not show evidence sufficient to justify the court in submitting the question of the negligence of the plaintiff in error to the jury. The learned judge therefore erred in not affirming the point covered by the fourth assignment.

Judgment reversed.